Dear Mr. Duplantis,
You have requested an opinion of this Office regarding the sale of old elementary schools deemed as surplus property after the construction of a new consolidated elementary school. You have asked fact-specific questions with regard to three separate schools that the St. Mary Parish School Board (the "Board") would like to sell. The specific schools are: Thomas Gibbs Elementary School, Mary Hines Elementary School, and Baldwin Elementary School. Considering the unique factual scenarios surrounding the sales of each of these schools, each will be discussed separately herein.
 LAW GOVERNING THE ALIENATION OF UNUSED SCHOOL LANDS
La.R.S. 17:87.6 gives school boards the ability to alienate unused school property. La.R.S. 41:891-892 govern the sale of unused school lands, as long as the school lands are not sixteenth section lands, school indemnity lands, or any other school lands for which the sale of which are governed by La.R.S. 41:711, et. seq.
Because you have confirmed that none of the schools mentioned in your request are sixteenth section or indemnity lands, this opinion will focus on the law applicable to these particular properties. *Page 2 
La.R.S. 17:87.6(A) states as follows:
Any city, parish, or other local public school board may sell, lease, or otherwise dispose of, at public or private sale, for cash or on terms of credit, any school site, building, facility, or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdiction. Any such sale, lease, or disposal of such school property shall be on such terms and conditions and for such consideration as the school board shall prescribe.
La.R.S. 41:891-892 provide, in pertinent part, as follows:
§ 891. Sale of unused school Lands
Whenever the school board of any parish or city determines that any school lands or other immovable property under its control are no longer needed for school purposes and the best interest of the public school system would be served by the sale of such lands, the school board shall have the authority to dispose of such lands at public auction or under sealed bids in accordance with the procedure set forth in this subpart; provided that this subpart shall not apply to the sale of sixteenth section lands, school indemnity lands or any other school lands for the sale of which the law already has provided a procedure in Chapter 6 of Title 41 of the Louisiana Revised Statutes or elsewhere in the law.
§ 892. Procedure; deed of sale
 ***
B. The sale at public auction or under sealed bids shall be made only after advertisement on at least three separate days for at least thirty days prior to the date on which the land is to be offered for sale in the official journal of the parish in which the land is situated or, if no newspaper is published in the parish, then by posting a written or printed notice for thirty days at or near the front door of the court house in the parish in which the property is situated, at or near the front door of the school board office and at one other public place in the parish.
C. On the day named in the advertisement, the property shall be sold at public auction at the school board office, between the hours of eleven o'clock A.M. and four o'clock P.M., with appraisement, to the last and highest bidder, upon such terms and conditions as the school board shall *Page 3 
determine. The deeds shall contain the usual security clauses and a stipulation to pay ten per cent attorney's fees in the event it becomes necessary to secure the services of an attorney for the purpose of collection. In the event the highest bid is not equal to the appraisement of the property, the sale shall be cancelled and no bid shall be accepted.
D. On the date named in the advertisement if the property is to be sold under sealed bids, the bids shall be opened in the offices of the school board at the hour designated in the advertisement. The property shall be sold to the highest bidder upon such terms and conditions as the school board shall determine. The deed shall contain the usual security clauses and a stipulation to pay ten per cent attorney's fees in the event it becomes necessary to secure the services of an attorney for the purpose of collection. The school board shall reserve the right to reject any and all bids, and all bids shall be rejected in the event the highest bid is not equal to the appraised value of the property to be sold.
As you also point out in your request, La.R.S. 41:892 was amended in the 2010 Regular Session by Act 526 (effective June 24, 2010). Act 526 amended sections C, D, and E of La.R.S. 41:892, and provides, in pertinent part, as follows:
C. On the day named in the advertisement, the property shall be sold at public auction . . . to the last and highest bidder . . . If the highest bid received is not equal to or greater than the minimum bid as provided in Subsection E of this section, the sale shall be cancelled and no bid shall be accepted.
D. On the date named in the advertisement if the property is to be sold under sealed bids . . . The property shall be sold to the highest bidder . . . The school board shall reserve the right to reject any and all bids, and all bids shall be rejected if the highest bid received is not equal to or greater than the minimum bid as provided in Subsection E of this Section.
E.(1) The first time a school board offers a particular property for sale pursuant to this Section, the minimum bid shall be eighty-five percent of the appraised value of the property.
(2) If the school board fails to sell the property because the maximum bid received was not equal to or greater than the minimum bid established in Paragraph (1) of this Subsection, the school board may make a second effort to sell the property following the procedures outlined in this Section. The minimum bid for a second effort to sell the same property shall be eighty percent of the appraised value.
(3) If the school board has twice failed to sell property because the maximum bid received was not equal to or greater than the minimum bid *Page 4 
otherwise provided in this Subsection, there shall be no minimum bid at the third effort to sell the property, and the school board may sell the property to the highest bidder as otherwise provided by this Section.
Section 2 of Act 526 requires that it only be applied prospectively and that:
[n]o sale attempted prior to the effective date of this Act or for which notice as required by La.R.S. 41:892(B) has been given at least once prior to the effective date of this Act constitutes an effort to sell as contemplated by La.R.S. 41:891 (E) as amended by this act.
 APPLICATION OF LAW TO FACTS
In your request, you stated that the Board advertised the sale of all three schools, earlier this year (2010), in accordance with La.R.S. 41:891-892 prior to the 2010 amendments thereto. You further stated that no responsive bids were received on these three schools, but that the Board was able to sell another school, G.W. Hamilton Elementary School, at its appraised value. In addressing the lack of responsive bids, and the Board's proposed solutions, each of the three remaining schools will be considered separately herein.
Thomas Gibbs Elementary School
Thomas Gibbs Elementary School was advertised for sale in accordance with La.R.S. 41:891-892.[1] The school was appraised at $103,546.00. No responsive bids were received during the bid process. Your request further states that after all bids were rejected, pursuant to La.R.S. 41:892(D) (as it existed prior to the 2010 amendment), that an offer of $50,000.00 by a private entity was made to purchase the school.
On June 24, 2010, Act 526 of the 2010 Regular Session (quoted above) became effective. Your request stated that the $50,000.00 "offer" was received prior to the effective date of Act 526, and that the Board did not actually vote to accept the offer until July 1, 2010, when it was done so unanimously.
As provided above, Act 526 states that "[n]o saleattempted prior to the effective date of this Act or forwhich notice as required by La.R.S. 41:892(B) has beengiven at least once prior to the effective date of this Actconstitutes an effort to sell as contemplated byLa.R.S.41:891(E)." (Emphasis added). *Page 5 
This office is of the opinion that section E of Act 526, amending La.R.S. 41:892, is applicable to the sale of Thomas Gibbs Elementary School, because "[n]o sale . . . or . . . [sale] for which notice . . . has been given . . . constitutes an effort to sell as contemplated by La.R.S. 41:892(E) as amended by this Act." Therefore, since no sale of Thomas Gibbs Elementary occurred before the effective date of Act 526, the amended version of La.R.S. 41:892 applies, and requires three separate attempted sales before the minimum bid requirement is removed.
Additionally, it should be noted that an offer to purchase Thomas Gibbs Elementary School does not qualify as an actual or attempted sale. Act 526 explicitly states that any sales attempted prior to its enactment do not constitute an effort to sell within the meaning of the amended provisions. Therefore the Board must comply with the entirety of the amended statutes, i.e., start with the first notice and reject any bids below the required 85 percent minimum and proceed to the second notice, if needed.
Despite the Board's belief that it would be financially prudent to sell the school for $50,000.00 because the school is vacant and requires increased security, repairs, and attention due to vandalism, and because no responsive offers have been made in the prior to attempts to sell the property, this Office is of the opinion that since no "sale" was completed before Act 526 became effective, the Board must follow the detailed procedure outlined in La.R.S. 41:892(E) as amended.
Mary Hines Elementary School
In your request, you stated that prior to the effective date of Act 526, the School Board advertised for the sale of the Mary Hines School twice, and that one of these advertisements complied with the provisions of La.R.S. 41:891-892. You stated that the school's appraised value is $90,315.00 and no offers were received as a result of these advertisements. You also stated that, subsequent to these failed attempts to sell the Mary Hines property, the Board has received an offer to purchase the property for $50,000.00.
While the Board's position is that it would be financially prudent to sell the school for less than the appraised value, as explained with regard to the Thomas Gibbs School above, such policy decisions are clearly beyond the Board's discretion under the statutes. The Board must comply with the requirements of La.R.S. 41:891-892, which includes the amendments listed in Act 526. For the reasons noted above, even though an offer for $50,000.00 was received prior to the enactment of Act 526, it cannot lawfully be accepted due to the detailed statutory limitations included in the current Louisiana Revised Statutes, specifically La.R.S. 41:892(E), as amended by Act 526 of the 2010 Regular Session. We note that even under the law prior to the 2010 amendments, the Board could not have lawfully accepted such an offer. *Page 6 
Therefore, while the Board may believe that $50,000.00 is a reasonable price for Mary Hines Elementary School, this Office remains of the opinion the detailed statutory requirements included in La.R.S. 41:892(E), as amended by Act 526, must be satisfied, and only an offer in compliance therewith may be accepted.
Baldwin Elementary School
While Baldwin Elementary School presents an identical problem to those described above with regard to past advertisements of sale and proposed offers, one critical fact triggers the application of different laws, i.e., the fact that the Town of Baldwin is the entity that has made the offer to purchase this particular school. In this regard, you have informed us that the Town of Baldwin has offered $50,000.00 for the Baldwin property.
As this Office has already explained in La. Atty. Gen. Op. No. 09-0281, the Board is not required to advertise for bids in order to transfer public property, to the Town of Baldwin, that is no longer needed for school purposes.[2] While advertisement is unnecessary, the transfer of property to another public entity remains subject to compliance with La.R.S. 33:4712.10 (appraisal of property required) and receiving fair value pursuant to La.Const, art. VII § 14. In that opinion, which cited La. Atty. Gen. Op. 95-325, this Office concluded as follows:
the School Board and the Town of Baldwin do not need to adhere to the public bid law requirements because the properties are not being transferred out of the public domain.[3]
Next, you ask this Office whether an offer of $50,000.00 satisfies La.Const, art. VII § 14. As we explained in Opinion 09-0281:
[i]n order to comply with this particular constitutional provision, the School Board must receive adequate consideration from the Town of Baldwin for the property which would require a sale of the property for a price not less than the property's fair market value.
Fair market value means the price at which property would change hands between a willing buyer and a willing seller when neither party is under any compulsion to buy or sell, and both parties have a reasonable knowledge of the relevant facts.[4] As we *Page 7 
explained in Opinion 09-0281, the sale of the property should not be for a price that is inconsistent with the fair market value, as that could be deemed to be a donation in direct contravention of the constitution.
As to your question regarding whether an offer of $50,000.00 on school lands that are appraised for $101,373.00 is sufficient to overcome the prohibition against the donation of public things under La.Const, art. VII § 14, as we stated in Opinion 09-0281, "[Rendering an opinion as to what the fair value amount should be, would require a factual determination in direct contravention with our Office's long-standing policy against rendering opinions on issues of fact."[5] If the Board decides that the offer made by the Town of Baldwin to purchase Baldwin Elementary School satisfies this definition of fair market value, then La.Const, art. VII § 14 has been satisfied. This Office recommends that any facts the Board believes to be in support of such a conclusion be included in the resolution approving the transfer of this property to the Town of Baldwin. Additionally, if the Board feels that the offer at issue does not meet this definition, the Board may still elect to enter into a cooperative endeavor agreement with the Town of Baldwin as long as fair market value is received and La.Const, art. VII § 14 is satisfied.[6]
If a concrete legal determination on the issue of compliance with La.Const, art. VII § 14 is sought, the filing of a declaratory judgment action, including all relevant facts, in a court of competent jurisdiction would likely be the proper procedural mechanism to obtain such a determination.
 CONCLUSION
While the Board has found that the Thomas Gibbs and Mary Hines Elementary Schools are difficult to sell because of (1) the design of elementary schools not translating well to many other uses; (2) the poor condition of these schools; and (3) the location of the schools are not being attractive to businesses, the law governing the sale of unused school lands in La.R.S. 41:891-892 (as amended by Act 526 of 2010) is clear. This law requires that the school board must advertise and receive bids on two separate occasions, and fail to receive eighty-five and eighty percent (respectively) of the appraisal amount on each of these occasions before being able to sell the property without a statutory minimum bid. *Page 8 
With regard to the transfer or sale of Baldwin Elementary School to the Town of Baldwin, the Board is not required to advertise for bids in order to transfer public property that is no longer needed for school purposes to the Town of Baldwin as long as the property is appraised and fair market value is received, because the property is not being transferred out of the public domain.[7]
This Office acknowledges the interests of the St. Mary Parish School Board in selling the properties mentioned herein for reduced prices, but the law governing the sale of unused school lands is specific, clear, and requires receiving fair market value pursuant to La.Const, art. VII § 14.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ DANIEL D. HENRY JR. Assistant Attorney General
JDC/DDH/jv
[1] This advertised sale occurred prior to the effective date of Act 526 of the 2010 Regular Session (June 24, 2010).
[2] Pursuant to Louisiana's Local Services Law (La.R.S. 33:1321, et seq.) the Board is not required to advertise for bids in order to transfer public property to another public entity,
[3] See also, La. Atty. Gen. Op. No. 95-325, which similarly found that property may be transferred between two political subdivisions without the necessity of public bid and advertisement.
[4] La. Atty. Gen. Op. Nos. 09-0293, 08-0226, 06-0236.
[5] Citing La. Atty. Gen. Op. No. 445 (1918-19).
[6] See also, La. Atty. Gen. Op. No. 89-0168, which found that cooperative endeavors, agreements, and contracts may be made between a town and parish, but that the prohibition in La.Const. Art. VII § 14 (against donation, loan or pledge of public credit) should not be violated.
[7] See, La. Atty. Gen. Op. No. 95-325.